Brinkerhoee, J.
If it appeared from the record that the antenuptial contract set up in the answer had been fully and fairly performed on the part of the testator and his executors, we have no doubt that the contracts so performed would constitute a good equitable jointure, and would, in equity, bar the widow from claiming dower in the testator’s real estate, and a distributive share of his personal estate. But whether even then she would be barred from claiming, what she now claims, an allowance under the statute, for a year’s support after her husband’s death, all the members of the court are not entirely •clear. We are all of opinion, however, that the antenuptia’ *315 contract can not operate to bar either dower, a distributive-share of the estate, or a claim for the allowance of a year’s support, unless it appear that the provisions of the contract in-favor of the widow have been fairly performed; and there is-nothing in Stilley v. Folger, 14 Ohio Rep. 610, or Murphy v Murphy, 12 Ohio St. Rep. 407, in conflict with this holding, Now, the answer in this case certainly does not contain any distinct averment, either general or special, of performance by the executors of the main and leading provision of the ante-nuptial contract in favor of the widow, to-wit: the setting apart of the fund of ten thousand dollars for her benefit; and a majority of the court are of opinion that such averment, even under the liberal construction of pleadings prescribed by the code of civil procedure, can not be fairly implied from the allegations that said contract “ has been a valid and subsisting contract ever since the date of its execution, and is still a valid and subsisting contract, and binding on the said plaintiff.” Eor want of such averment, either general, special, or necessarily implied, the majority of the court think the demurrer to the answer was properly sustained. And it is a somewhat significant fact that no attempt to amend the answer in this particular was made in the court below.
Judgment afSrmed.
Peck, O.J., and Ranney and Wilder, JJ., concurred.. Scott, J., dissented as to the third proposition of the syllabus.